Scott M. Pearson (SBN 173880)
pearsons@ballardspahr.com
Taylor Steinbacher (SBN 285335)
steinbachert@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
TRS RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

ANNETTE GRIND, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TRS RECOVERY SERVICES, INC.,

Defendant.

Case No. 2:16-cv-06783-GW-RAO

**ANSWER OF DEFENDANT TRS RECOVERY SERVICES, INC.**

Complaint Filed: September 9, 2016

Defendant TRS Recovery Services, Inc. ("TRS Recovery"), respectfully submits this Answer to the Complaint dated September 9, 2016 of plaintiff Annette Grind ("Grind"). Except as expressly admitted, TRS Recovery denies each and every other allegation of the Complaint.

**NATURE OF THE CASE**

1. TRS Recovery admits that Grind purports to "bring[] this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies," but denies that TRS Recovery violated the Telephone Consumer Protection Act ("TCPA"), or invaded her privacy in any way.

**JURISDICTION & VENUE**

2. TRS Recovery states that it is a company incorporated in Colorado with its principal place of business in Texas. As to all remaining allegations of Paragraph 2, TRS Recovery lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 2, and on that basis denies those allegations.

3. TRS Recovery admits that venue is proper in the United States District Court for the Central District of California, assuming that the Court has jurisdiction.

**PARTIES**

4. TRS Recovery states that Paragraph 4 contains a legal averment to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

5. TRS Recovery states that Paragraph 5 contains legal averments to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

**FACTUAL ALLEGATIONS**

6. TRS Recovery admits the allegations of Paragraph 6.

7. TRS Recovery denies the allegations of Paragraph 7.

8. TRS Recovery states that Paragraph 8 contains a legal averment to

which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

9. TRS Recovery states that Paragraph 9 contains a legal averment to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

10. TRS Recovery states that Paragraph 10 contains a legal averment to which no response is necessary. As to the remaining allegations of Paragraph 10, TRS Recovery lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies those allegations.

## CLASS ALLEGATIONS

11. TRS Recovery admits that Grind purports to bring this action on behalf of a class defined as "All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four year prior to the filing of this Complaint[.]"

12. TRS Recovery lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12, and on that basis denies those allegations.

13. TRS Recovery admits that TRS Recovery's agents and employees are excluded from the putative class. TRS Recovery denies the allegation that this matter should be certified as a class action. As to all remaining allegations of Paragraph 13, TRS Recovery lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 13, and on that basis denies those allegations.

14. TRS Recovery states that Paragraph 14 contains legal averments to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

15. TRS Recovery denies the allegations of Paragraph 15.

16. TRS Recovery states that Paragraph 16 contains legal averments to

which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

17. TRS Recovery denies that Grind's claims are typical of the class.

18. TRS Recovery states that Paragraph 18 contains legal averments to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

19. TRS Recovery denies that a class action is superior to other methods of fair and efficient adjudication of this controversy. As to all remaining allegations of Paragraph 19, TRS Recovery states that Paragraph 19 contains legal averments to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

20. TRS Recovery states that Paragraph 20 contains a legal averment to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

21. TRS Recovery denies the allegation that relief on a class basis is appropriate. As to all remaining allegations of Paragraph 21, TRS Recovery states that Paragraph 21 contains a legal averment to which no response is necessary, but to the extent one is required, TRS Recovery denies each and every allegation, including any factual allegations, set forth therein.

## **<u>FIRST CAUSE OF ACTION</u>**

### **Negligent Violations of the Telephone Consumer Protection Act**

### **47 U.S.C. § 227 et seq.**

22. TRS Recovery alleges and incorporates by reference herein Paragraphs 1 through 21.

23. TRS Recovery denies the allegations of Paragraph 23.

24. TRS Recovery denies the allegations of Paragraph 24.

25. TRS Recovery denies the allegations of Paragraph 25.

///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.**

26. TRS Recovery alleges and incorporates by reference herein paragraphs 1 through 25, as set forth therein at length.

27. TRS Recovery denies the allegations of Paragraph 27.

28. TRS Recovery denies the allegations of Paragraph 28.

29. TRS Recovery denies the allegations of Paragraph 29.

## AFFIRMATIVE DEFENSES

TRS Recovery asserts the following affirmative defenses and reserves the right to amend this Answer to assert other defenses when, and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

///

///

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver and Acquiescence)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the doctrines of waiver and/or acquiescence.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to 28 U.S.C. §1658.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Independent Intervening Third-Party Conduct)**

Grind, and/or any person she purports to represent, is barred from recovery in that any damage sustained by Grind, and/or any person she purports to represent, was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of TRS Recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Express or Implied Consent)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by consent, express or implied, to the alleged conduct.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Grind's claims and some or all of the putative class members' claims are barred, in whole or in part, by the doctrine of ratification.

**TENTH AFFIRMATIVE DEFENSE**

**(Improper Class Representative)**

Grind is not a proper class representative because, among other reasons, her claims are not typical of members of the class.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Ascertainable Class)**

The Complaint does not allege the existence of a readily ascertainable class as required to sustain a class action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Community of Interest)**

There is no community of interest as required to sustain a class action because individual issues of law and fact predominate.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent that Grind, and/or any person she purports to represent, has suffered any damages as a result of the matters alleged in the Complaint, Grind, and/or any person she purports to represent, has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Violation, if any, not Knowing or Willful)**

Grind, and/or any person she purports to represent, is precluded from any recovery from TRS Recovery for a willful and knowing violation of the TCPA because any such violation (which TRS Recovery denies occurred) would not have been willful or knowing.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The TCPA, codified at 47 U.S.C. § 227, violates provisions of the United States Constitution, including without limitation the Due Process Clause.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including without limitation the Due Process Clause.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The damages sought by the Complaint are barred in whole or in part by the Excessive Fines Clause of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Grind lacks standing to assert any claims against TRS Recovery because, among other reasons, she does not own the claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Injury-In-Fact)**

Grind's claims are barred to the extent that she cannot meet the injury-in-fact requirement for standing under Article III of the Constitution which requires Grind to allege an injury that is both concrete and particularized. *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016).

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Agreement to Arbitrate)**

The action should be dismissed in favor of enforcement of the contract provision requiring arbitration of this dispute.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

TRS Recovery expressly reserves the right to assert such other and affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

With respect to Grind's prayer for relief on Pages 7 and 8 of the Complaint, TRS Recovery denies that Grind or any other person is entitled to any relief whatsoever.

WHEREFORE, defendant TRS Recovery prays for judgment as follows:

1. That Grind and the putative class members take nothing by the Complaint;

2. That the Court enter judgment in TRS Recovery favor;

3. That TRS Recovery recover its costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: December 12, 2016

**BALLARD SPAHR LLP**
Scott M. Pearson
Taylor Steinbacher

By: */s/ Taylor Steinbacher*
Taylor Steinbacher

Attorneys for Defendant
TRS RECOVERY SERVICES, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2016, I electronically filed a true and correct copy of the foregoing **ANSWER OF DEFENDANT TRS RECOVERY SERVICES, INC.** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Todd M. Friedman tfriedman@toddflaw.com
Meghan E. George mgeorge@toddflaw.com
Adrian R. Bacon abacon@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN

*/s/ Taylor Steinbacher*
Taylor Steinbacher